UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Case No. 05-CR-871(SJ) |
| | * | |
| | * | Brooklyn, New York |
| v. | * | February 16, 2006 |
| | * | |
| KENNETH WINDLEY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:        ANDREA GOLDBARG, ESQ.
                          Asst. United States Attorney
                          United States Attorney's Office
                          147 Pierrepont Plaza
                          Brooklyn, NY 11201

For the Defendant:        DAVID E. LOFTIS, ESQ.
                          Federal Defenders of New York,
                             Inc.
                          16 Court Street
                          Brooklyn, NY  11241

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 13 2006 ★

**BROOKLYN OFFICE**

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Flore Transcription Service, Inc.**
**67 Elaine Drive**
**Shelton, Connecticut 06484 (203)929-9992**

(Proceedings commenced at 3:13 p.m.)

THE CLERK:  All rise.  The Honorable Steven M. Gold presiding.  Criminal cause for guilty plea, United States of America v. Kenneth Windley, docket no. 05-CR-871.

Counsel, please state your appearances for the record.

MS. GOLDBARG:  Andrea Goldbarg, for the United States.  Good afternoon, Your Honor.

THE COURT:  Good afternoon.

MR. LOFTIS:  David Loftis, for Mr. Windley.  Good afternoon.

THE COURT:  Hi.  Mr. Windley, do you speak and understand English?

THE DEFENDANT:  Yes, sir.

THE COURT:  I understand that the reason you're here today is that your lawyer says that you wish to give up your right to trial and enter a plea of guilty to the sole charge pending against you in this case.

Before I may hear any plea of guilty you might choose to offer, I need to make sure that you understand that I'm not the judge who's presiding over your case.  That's United States District Judge Sterling Johnson.

Judge Johnson is the one who is going to decide whether any plea of guilty you might choose to offer today should be accepted; and if it is, what sentence should be set

3

in your case.

Unlike Judge Johnson who is a district judge, I'm a magistrate judge.  And as a magistrate judge, I do not have the lawful authority to take those steps.  That is to say -- to decide that your plea should be accepted or how you should be sentenced.

If you prefer, you have the absolute right to present any plea of guilty you want to make to Judge Johnson. And if that were your preference, there would be no prejudice to you.  You would be permitted to plead guilty on the same terms and conditions being offered to you today on another date that's convenient to Judge Johnson.

In the alternative, though, even though I'm not permitted to formally accept your plea or decide your sentence, I do have the authority to be the judge who listens to your guilty plea if I have your consent and agreement to do so.

If you do agree to proceed before me, I'll arrange for this entire proceeding to be recorded and for the recording to be transcribed so Judge Johnson has a complete record of what we say to each other before he's called upon to decide whether your plea of guilty should be accepted; and if it is, how you should be sentenced.

Did you understand everything I've said?

THE DEFENDANT:  Yes, sir.

4

THE COURT:  Do you wish to give up your right to have Judge Johnson hear your plea, and do you agree to proceed instead before me?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you making this decision voluntarily, of your own free will and without anyone having pressured you or promised you anything to get you to agree?

THE DEFENDANT:  Own free will.

THE COURT:  Is this your signature on the consent form?

THE DEFENDANT:  Yes, sir.

THE COURT:  Before you signed the form, did you review it carefully with your attorney, and did you understand it?

THE DEFENDANT:  Yes, sir.

THE COURT:  I find the consent of the defendant knowing and voluntary.  I'm adding my endorsement to the form to reflect my finding.

Now, Mr. Windley, before I may recommend to Judge Johnson that he accept any plea of guilty you might decide to offer, I have to ask you a lot of questions.  The questions are very important.  They're designed to make sure you understand what a serious decision it is that you're about to make.

They are also designed to protect the prosecution

5

and the Court by creating a record which will demonstrate that I explained your rights to you, you told me you understood them, and you agreed to give them up.  Once all of that happens, if you go forward with a plea of guilty, it will be legally valid and permanently binding upon you.

So I urge you to listen carefully to all of my questions and to tell me if I've asked you anything that you're not sure you understand.  If you wish to interrupt me at any point to ask me a question, or because you'd like to have a private conversation with your attorney, just tell me and that will be fine.

Is all of that clear to you so far?

THE DEFENDANT:  Yes, sir.

THE COURT:  It's so important that you tell the truth today that I will direct that you be placed under oath before we proceed.

(The defendant is sworn.)

THE COURT:  Now that you've taken this oath, when you answer my questions you do so subject to penalties of perjury or making a false statement.  That means that if you lie to me during this proceeding, the prosecutor may bring new charges against you for doing so.

Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  Tell me your full name.

6

THE DEFENDANT:  Kenneth Darryl Windley.

THE COURT:  How old are you?

THE DEFENDANT:  Thirty-five.

THE COURT:  How far did you go in school?

THE DEFENDANT:  GED.

THE COURT:  Is English your native language?

THE DEFENDANT:  Yes.

THE COURT:  Are you having any problems understanding me or hearing me?

THE DEFENDANT:  No.

THE COURT:  Are you now, or have you in the recent past, been seeing a doctor or psychologist for any mental or physical problems?

THE DEFENDANT:  I've been seeing a doctor for diabetes.

THE COURT:  Are you taking medicine for that?

THE DEFENDANT:  Yes.

THE COURT:  Insulin?

THE DEFENDANT:  Yes.

THE COURT:  Anything else?

THE DEFENDANT:  No, sir.

THE COURT:  Other than for diabetes, are you receiving medical attention for any physical or mental problem?

THE DEFENDANT:  No, sir.

7

THE COURT:  In the last 24 hours, other than insulin, have you taken any narcotics, drugs, medicine, pills or alcohol?

THE DEFENDANT:  No, sir.

THE COURT:  Have you ever in your life been hospitalized or received professional care for substance abuse, alcoholism or mental or emotional problems?

THE DEFENDANT:  No, sir.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you feel healthy, focused and alert?

THE DEFENDANT:  Yes.

THE COURT:  Are you understanding everything that's happening?

THE DEFENDANT:  Yes, sir.

THE COURT:  Counsel, did you discuss the matter of pleading guilty carefully with your client?

MR. LOFTIS:  Several times, Your Honor.

THE COURT:  Does he understand, in your judgment, the rights he'll be waiving if he tenders a guilty plea?

MR. LOFTIS:  Absolutely.

THE COURT:  Is he capable of understanding the nature of this proceeding?

MR. LOFTIS:  Yes, sir.

THE COURT:  Do you have any doubt about his

competency to tender a guilty plea at this time?

MR. LOFTIS:  No.

THE COURT:  Have you alerted him to the sentence and fine that could be imposed, and discussed with him the likely implications of the sentencing guidelines for the calculation of his penalty?

MR. LOFTIS:  We've discussed the statutory guidelines and the sentencing guidelines.

THE COURT:  Is it the government's understanding that the defendant is a United States citizen?

MS. GOLDBARG:  It is the government's understanding that, yes, he is a United States citizen.

THE COURT:  Thank you.

Mr. Windley, have you had enough time to go over your case very carefully with your attorney, and have you done that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you satisfied to have it be Mr. Loftis who is defending you in this case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have your received a copy of the indictment where the sole charge against you is set forth?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you reviewed that indictment carefully with your attorney?

9

THE DEFENDANT:  Yes.

THE COURT:  You are charged in the indictment with being someone who had a prior felony conviction but, nevertheless, on November 1st, 2005, knowingly and intentionally possessed a 22-caliber, semi-automatic pistol.

Do you understand what you're accused of?

THE DEFENDANT:  Yes, sir.

THE COURT:  You have a right to plead not guilty to this charge, and that's your right even if you committed this crime.  Pleading not guilty is never lying or misleading the Court.  It is the right of every defendant to plead not guilty whether he is in fact guilty or not.

Did you follow that?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you were to plead not guilty, then under the Constitutional laws of the United States, you would be entitled to a speedy and public trial by jury with the assistance of your attorney on all charges pending against you.

Did you understand me?

THE DEFENDANT:  Yes, sir.

THE COURT:  At your trial, you would be presumed to be innocent.  The prosecution would be required to overcome this presumption of innocence and to prove that you were guilty by competent evidence and beyond a reasonable doubt.

You would have no obligation at the trial to prove that you were innocent.

If the prosecution failed to prove that you were guilty beyond a reasonable doubt, the members of the jury would have the duty to return a verdict of not guilty, and Judge Johnson would instruct them that way.

Did you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: That's why juries sometimes find defendants not guilty even though the members of the jury believe the defendant probably committed the crime with which he's been charged.

When a jury returns a not guilty verdict, they're not necessarily saying that they believe the defendant is innocent, but only that they're not convinced beyond a reasonable doubt that the defendant is guilty.

Do you see that difference?

THE DEFENDANT: Yes.

THE COURT: If you wish to proceed to trial, then during your trial, the witnesses for the prosecution would be required to come into the courtroom and present their testimony against you right in front of you and your lawyer. Your lawyer would have the right to question the prosecution witnesses on cross-examination.

Your lawyer would have the right to raise

11

objections when the prosecution attempted to offer evidence against you.  And you and your attorney, working together, would have the right to present evidence, call witnesses, make arguments in your defense all during the course of the trial.

Did you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  At your trial, you, yourself, would have the right to testify in your own defense were that to be your choice, but no one could make you testify at the trial if you didn't want to.  That's because our Constitution provides that no one may be required to say anything self-incriminating.

If you decided that you preferred not to be a witness in your own defense at your trial, Judge Johnson would instruct the members of the jury that they couldn't take that into account or hold it against you in any way when they deliberated upon their verdict.

Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  On the other hand, if you offer a plea of guilty and Judge Johnson decides to accept it, you will, as a result, be giving up your Constitutional right to trial and all of the other rights that I've been telling you about today.

12

There will be no further trial of any kind in your case.  You will have no right to take an appeal from the judgment of guilty which will be entered against you.  Judge Johnson will essentially convict you based upon your admission of guilt during this proceeding that we're holding right now, with the result that the prosecutor will be freed of any responsibility to prove what you did.

Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you went to trial and the jury found you guilty by their verdict, you would have a right to take an appeal to a higher court and ask that higher court to review the legality of all of the proceedings which led to your conviction.

But when you plead guilty, your conviction is based upon the words that you, yourself, spoke.  And under those circumstances, there is no right to appeal from the resulting conviction.

Did you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you plead guilty, I must ask you questions about what you did so that Judge Johnson and I can be satisfied that your plea of guilty is based upon fact.  If you decide to answer my questions and acknowledge your guilt -- which you only have to do if you want to plead guilty --

13

but if you do it, you will be giving up your Constitutional right not to say anything self-incriminating.

Did you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you still wish to give up your right to trial and all the other rights I've been describing today?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'm told you make this decision pursuant to the terms of a written plea agreement.  The original document has been marked Court's Exhibit No. 1.  It does not bear a date.  If there is no objection, I will add today's date in my own hand.

MR. LOFTIS:  That's fine, Your Honor.

MS. GOLDBARG:  No objection.

THE COURT:  I will also ask my clerk to hand it to Mr. Loftis to show to the defendant.

Mr. Windley, directing your attention to that which has been marked as Court Exhibit No. 1, do you recognize this document in general, and in particular your signature on its final page?

THE DEFENDANT:  Yes, sir.

THE COURT:  Before you signed this, did you read it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you go over it carefully with Mr.

Loftis?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you understand what you were signing?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions about your agreement that you would like to ask me or discuss privately with your lawyer before we proceed?

THE DEFENDANT:  No, sir.

THE COURT:  Everything that it says is clear to you?

THE DEFENDANT:  Yes.

THE COURT:  Does this written plea agreement contain a full and accurate statement in writing of everything you and the prosecution have agreed to concerning your case?

I've confused you with my question.  I can tell by the look on your face.

THE DEFENDANT:  Yes.  Yeah.

THE COURT:  I'm going to ask it again.  I want you to look at your plea agreement. I'm holding it up for you right now and your lawyer is showing you a copy.  Right, Mr. Loftis?

MR. LOFTIS:  Yes, Your Honor.  That is a copy.

THE COURT:  Does this written document set out in

15

words on paper everything that the prosecution and you have agreed to?

THE DEFENDANT:  Yes, sir.  Yes.

THE COURT:  Has anybody promised you anything that's not written down in black and white in the agreement?

THE DEFENDANT:  No, sir.

THE COURT:  The agreement says you want to plead guilty to Count 1.  That's the charge of being a felon who knowingly and intentionally possessed a firearm last November.  Do you have the charge clearly in your mind?

THE DEFENDANT:  Yes, sir.

THE COURT:  I want to review with you the penalties confronting you if you decide to go forward.  The law you're accused of breaking authorizes the Court to impose a prison sentence as long as ten years.  Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  In addition, it authorizes a term of supervised release that could be as long as three years.  Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  Supervised release is a period of time that only starts once you get out of prison.  At that point, you won't be in custody any more, but you won't really be free because you'll have to follow all of the rules of supervised release.  And there are so many, I couldn't list

16

them all for you.

They will include, but there will be more than these, but they will include restrictions on your right to travel freely and requirements that you report on a regular basis to your probation officer, follow that officer's instructions carefully, and answer that officer's questions honestly, and that you commit no new crimes at all.

If you break any rule, whether it's a crime itself or not, you could be arrested, brought back to the Court and required to go back to prison on this felony possession of a firearm charge for up to two years.  You wouldn't get any credit for the time you spent serving that original prison sentence or while your freedom was restricted on supervised release.  It could be a new two-year sentence.

Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  You could be fined as much as $250,000 and a $100 special assessment will be imposed upon you at or about the time you're sentenced.

Do you understand me?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, I'd like to talk to you about what we call the sentencing guidelines.  These guidelines, once Judge Johnson calculates them, will provide him with a range of months within which he will be strongly urged by law to

17

set your sentence.

Have you had a chance to discuss these guidelines with your lawyer and obtain his advice about how they're likely to be calculated?

THE DEFENDANT:  Yes, sir.

THE COURT:  The prosecutor estimates that Judge Johnson will calculate your guideline range to be 46 to 57 months long.  That's an estimate.  It's not a guarantee.  The decision is up to Judge Johnson.  He hasn't made it yet.  He won't until he receives something we call a presentence report.  That report hasn't even been written yet.

Once it's ready, you and your lawyer and the prosecutor will all be allowed to read it.  You'll then have an opportunity to address Judge Johnson when you can tell him if there's anything in the report with which you disagree. That's when Judge Johnson will perform his own guideline calculation.  And he might decide on an even longer guideline range than the one listed here.

Is that clear?

THE DEFENDANT:  Yes, sir.

THE COURT:  In addition, even after the Judge calculates your guideline range, he might find that in your case a sentence outside of the guidelines is the most appropriate and just one.  And in that case, it could be that he decides that a longer sentence is appropriate in your

18

case.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  If you receive a sentence of incarceration of 63 months, five years and three months, or less, you will have no right to take any appeal from any aspect of your case.  Even if your prison sentence, as handed out by Judge Johnson, is longer than 63 months, you will have no right to say that you changed your mind about pleading guilty and no right to challenge your conviction.

The only right that would be triggered by a sentence longer than 63 months would be a right to appeal from how long a sentence you got, not from the fact that there was a finding of guilt or the entry of a conviction against you.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  You may have heard of parole.  Parole is a program of early release from prison, but it's not available to individuals sentenced to prison in federal courts like these.  It's only in state court.  This is not a state court and you will not be released early from the sentence Judge Johnson imposes on parole.

Do you understand me?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions that you

19

would like to ask me or talk about privately with your lawyer about the charges against you, the penalties you face, the rights you're being asked to waive today, or anything else before we go forward?

THE DEFENDANT:  No, sir.

THE COURT:  Is everything I said to you clear?

THE DEFENDANT:  Yes.

THE COURT:  Are you ready to enter your plea?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Loftis, do you know of any reason why your client should not tender a guilty plea?

MR. LOFTIS:  No, Your Honor.

THE COURT:  With respect to the sole charge against you, Mr. Windley, how do you plead; guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Are you making this plea of guilty voluntarily and of your own free will?

THE DEFENDANT:  Yes.

THE COURT:  Have you been threatened or forced by anyone to offer this guilty plea?

THE DEFENDANT:  No.

THE COURT:  Other than what's written down in your plea agreement, the document we showed you before, has anyone promised you anything in return for pleading guilty?

20

THE DEFENDANT:   No, sir.

THE COURT:   Has anyone promised you what sentence the Judge will set in your case?

THE DEFENDANT:   No, sir.

THE COURT:   I want to ask you some questions.  On November 1st, 2005, where were you?

THE DEFENDANT:   On Atlantic Avenue in Bedford.

THE COURT:   That's in Brooklyn right here.  Right?

THE DEFENDANT:   Yes.

THE COURT:   As of that date, did you have a felony criminal record?

THE DEFENDANT:   Yes, sir.

THE COURT:   What court sentenced you to a felony?

THE DEFENDANT:   From the supreme court.

THE COURT:   What was the felony?

THE DEFENDANT:   Robbery one.

THE COURT:   What sentence did you receive?

THE DEFENDANT:   Eight to sixteen.

THE COURT:   Years?

THE DEFENDANT:   Yes.

THE COURT:   On November 1st, 2005, in Brooklyn, New York, with a felony record, did you have a 22-caliber pistol in your possession?

THE DEFENDANT:   Yes, sir.

THE COURT:   Were you aware that it was a 22-

21

caliber pistol?

THE DEFENDANT:    Yes, sir.

THE COURT:    Is there anything further you would have me inquire of the defendant?

MS. GOLDBARG:    No, Your Honor.

THE COURT:    Based on the information provided to me, I find that this defendant is acting voluntarily and fully understands his rights and the consequences of his plea and that is based upon fact.    I, therefore, recommend that Judge Johnson accept the defendant's plea of guilty for the sole charge in the indictment.    Sentencing will be set by probation.

Between now and your sentencing, you will be interviewed by a probation officer.    The reason for that interview is to prepare that presentence report I told you about that Judge Johnson will use to decide what your sentence should be.    So I urge you to be cooperative and candid with the officer so that the report is as complete and accurate as possible.

Is there anything else for my attention?

MR. LOFTIS:    No, Your Honor.

MS. GOLDBARG:    Not for the Government.

MR. LOFTIS:    Thank you, Judge.

THE COURT:    Pleasure.

(Proceedings concluded at 3:31 p.m.)

22

I, CHRISTINE FIORE, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_Christine Fiore_

Christine Fiore